UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Norfolk Division

FILED
IN OPEN COURT

JUL 6 2016

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 2:16cr66 |
| v. | ) |
| | ) 18 U.S.C. § 1344 |
| | ) Bank Fraud |
| CLAYTON PRESSLEY, | ) (Count One) |
| | ) |
| Defendant. | ) 18 U.S.C. § 1028A(1)(a) |
| | ) Aggravated Identity Theft |
| | ) (Counts Two through Four) |
| | ) |
| | ) 18 U.S.C. § 1028(a)(2) |
| | ) Unlawful Transfer of Identification |
| | ) Documents |
| | ) (Count Five) |
| | ) |
| | ) 18 U.S.C. § 1028(a)(3) |
| | ) Unlawful Possession of Identification |
| | ) Documents |
| | ) (Count Six) |
| | ) |
| | ) 18 U.S.C. § 797 |
| | ) Willful Violation of a Defense Security |
| | ) Regulation |
| | ) (Count Seven) |
| | ) |
| | ) 18 U.S.C. § 982(a)(2) |
| | ) 18 U.S.C.§ 1028(b)(5) |
| | ) Forfeiture Allegation |

## SUPERSEDING INDICTMENT

JULY 2016 TERM – at Norfolk, Virginia

THE GRAND JURY CHARGES THAT:

### COUNT ONE

From in or around July 2015 to in or around August 2015, in the Eastern District of

Virginia and elsewhere, defendant, CLAYTON PRESSLEY, knowingly executed and attempted to execute a scheme and artifice to defraud Pioneer Mid-Country Bank, a bank with deposits insured by the Federal Deposit Insurance Corporation (FDIC), and to obtain moneys, funds, credits and assets owned by and under the custody and control of said bank, by means of materially false and fraudulent pretenses, representations, and promises, which scheme and artifice, and the execution thereof, was in substance as follows:

## THE SCHEME AND ARTIFICE TO DEFRAUD

The object of the scheme and artifice was to obtain monies to which defendant was not entitled by obtaining the identity documents of persons he knew and worked with, and thereafter using the identity documents fraudulently by submitting online applications for loans in the amount of $24,000, and thereby opening bank loans from Pioneer Mid-Country Bank, and thereafter using the loan proceeds for his own benefit.

## ACTS IN EXECUTION OF THE SCHEME

In furtherance of the scheme and artifice and to affect its object, defendant CLAYTON PRESSLEY III did commit and cause to be committed, in the Eastern District of Virginia, the following acts, among others:

1. On or about July 18, 2015, defendant, CLAYTON PRESSLEY III, submitted an online application for a loan in the amount of $6,500 from Pioneer Mid-Country Bank, utilizing means of identification of J.B., one of the defendant's subordinates at his military command.

2. On or about August 6, 2015, defendant, CLAYTON PRESSLEY III, submitted an online application for a loan in the amount of $7,500 from Pioneer Mid-Country Bank, utilizing means of identification of J.B., one of the defendant's subordinates at his military command.

3. On or about August 19, 2015, defendant, CLAYTON PRESSLEY III, submitted

an online application for a loan in the amount of $10,000 from Pioneer Mid-Country Bank, utilizing means of identification of N.H., who previously worked as one of the defendant's subordinates at his military command.

(In violation of Title18, United States Code, Section 1344(2).

## COUNT TWO

1. The allegations set forth in Count One are repeated and realleged as if set forth fully herein.

2. On or about July 18, 2015, in the Eastern District of Virginia, the defendant, CLAYTON PRESSLEY III, did knowingly use, without lawful authority, a means of identification of another person, J.B., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: bank fraud, in violation of 18 U.S.C. § 1344(2), as charged in Count One of this indictment.

(In violation of Title 18, United States Code, Section 1028A(a)(1).)

## COUNT THREE

1. The allegations set forth in Count One are repeated and realleged as if set forth fully herein.

2. On or about August 6, 2015, in the Eastern District of Virginia, the defendant, CLAYTON PRESSLEY III, did knowingly use, without lawful authority, a means of identification of another person, J.B., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: bank fraud, in violation of 18 U.S.C. § 1344(2), as charged in Count One of this indictment.

(In violation of Title 18, United States Code, Section 1028A(a)(1).)

3

## COUNT FOUR

1. The allegations set forth in Count One are repeated and realleged as if set forth fully herein.

2. On or about August 19, 2015, in the Eastern District of Virginia, defendant, CLAYTON PRESSLEY III, did knowingly use, without lawful authority, a means of identification of another person, N.H., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: bank fraud, in violation of 18 U.S.C. § 1344(2), as charged in Count One of this indictment.

(In violation of Title 18, United States Code, Section 1028A(a)(1).)

## COUNT FIVE

On or about October 13, 2015, in the Eastern District of Virginia, the defendant, CLAYTON PRESSLEY III, did transfer unlawfully in interstate commerce by electronic means one or more identification documents and authentication features not issued lawfully for the use of the defendant, knowing the same to be stolen, and which identification documents, authentication and features were or appeared to have been issued by or under the authority of the United States, to wit: an Illinois Driver's License and United States Military Common Access Card belonging to J.G.

(In violation of Title 18, United States Code, Section 1028(a)(2) and (c)(3).)

## **COUNT SIX**

On or about April 14, 2016, in the Eastern District of Virginia, defendant, CLAYTON PRESSLEY III, did knowingly possess with intent to use unlawfully and transfer unlawfully five or more identification documents not issued lawfully for the use of the defendant, which identification documents, authentication features, or false identification documents were or appeared to have been issued by or under the authority of the United States, to wit:

1. A United States Passport, Virginia Driver's License, and United States Military Common Access Card belonging to J.L.C.;

2. A United States Passport, Wisconsin Driver's License, and United States Government Motor Vehicle Operator's Card belonging to AL.E.;

3. A United States Military Common Access Card and Texas Driver's License belonging to R.N.V;

4. A United States Military Common Access Card and Florida Driver's License belonging to L.S.B.;

5. A United States Passport, Texas Driver's License, and Military Common Access Card belonging to C.D.B.;

6. A United States Military Common Access Card and Pennsylvania Driver's License belonging to G.D.;

7. A Florida Driver's License belonging to H.P.V.;

8. A United States Military Common Access Card and Florida Driver's License belonging to B.J.H.;

9. A Florida Driver's License belonging to L.E.S.

(In violation of Title 18, United States Code, Section 1028(a)(3) and (b)(6). )

## COUNT SEVEN

That on or about April 14, 2016, at Naval Station Norfolk, Norfolk, Virginia, in the Eastern District of Virginia, the defendant, CLAYTON PRESSLEY III, did willfully violate a defense property security regulation: Chief of Naval Operations Instruction 5530.14E, to wit: Transporting and introducing a firearm onboard a United States Navy installation without proper authorization.

(In violation of Title 50, United States Code, Section 797 and Chief of Naval Operations Instruction 5530.14E).

## FORFEITURE ALLEGATION

THE GRAND JURY FURTHER ALLEGES AND FINDS PROBABLE CAUSE THAT:

1. The defendant, if convicted of any of the violations alleged in Counts One, Five or Six of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the violation.

2. The defendant, if convicted of the violations alleged in Counts Five or Six of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, and in addition to the property referenced in paragraph 1 above, any personal property used or intended to be used to commit the violation.

3. If any property that is subject to forfeiture above, as a result of any act or omission of the defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the

6

jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of the defendant, as subject to forfeiture under Title 21, United States Code, Section 853(p).

4. The property subject to forfeiture includes, but is not limited to, the following property:

   a. A monetary judgment in the amount of not less than $24,000, representing the proceeds of Count One;

   b. Identification documents referenced in Count Six including:

   A United States Passport, Virginia Driver's License, and United States Military Common Access Card belonging to J.L.C.;

   A United States Passport, Wisconsin Driver's License, and United States Government Motor Vehicle Operator's Card belonging to AL.E.;

   A United States Military Common Access Card and Texas Driver's License belonging to R.N.V;

   A United States Military Common Access Card and Florida Driver's License belonging to L.S.B.;

   A United States Passport, Texas Driver's License, and Military Common Access Card belonging to C.D.B.;

   A United States Military Common Access Card and Pennsylvania Driver's License belonging to G.D.;

   A Florida Driver's License belonging to H.P.V.;

   A United States Military Common Access Card and Florida Driver's License belonging to B.J.H.;

   A Florida Driver's License belonging to L.E.S.

(In accordance with Title 18, United States Code, Sections 982(a)(2) and 1028(b)(5)).

United States v. Clayton Pressley
Criminal No. 2:16cr66

A TRUE BILL:

*Redacted*
FOREPERSON

Dana J. Boente
UNITED STATES ATTORNEY

By: *Alyssa K. Nichol*
Alyssa K. Nichol
Massachusetts Bar No. 681778
Special Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 6000
Norfolk, VA 23510
Office Number - 757-441-3554
Email Address – Alyssa.nichol@usdoj.gov

Stephen W. Haynie
Virginia Bar No. 30721
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 6000
Norfolk, VA 23510
Office Number - 757-441-6769
Email Address – steve.haynie@usdoj.gov

8