IN THE UNTIED STATES DISTRICT COURT
THE EASTERN DISTRICT OF VIRGINIA
Norfolk Virginia

UNITED STATES OF AMERICA

v.                                                        CRIMINAL NO.: 2:16CR66

CLAYTON AKEEM PRESSLEY

      Defendant.

**POSITION OF THE DEFENDANT WITH
RESPECT TO SENTENCING FACTORS**

COMES NOW, the defendant, Clayton Akeem Pressley, by counsel, in accordance with Rule 32 of the Federal Rules of Criminal Procedure, pursuant to Section 6A1.2 of the <u>Sentencing Guidelines and Policy Statements</u> and this Court's Sentencing Procedures Order, respectfully files this supplemental position for the defendant with respect to sentencing factors.

Mr. Pressley' life history, criminal history, and the surrounding facts of his case warrant a variance from the sentencing guidelines, to a sentence far below the recommended sentencing guideline range for his conviction of bank fraud under Count One.

**1   STATURY AND GUIDELINES OVERVIEW**

Mr. Pressley comes before the Court for sentencing on one count of Bank Fraud in violation of 18 U.S.C. § 1344 and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A . He faces a maximum of thirty years of imprisonment and five years supervised release for Count One and a mandatory two years of imprisonment consecutive and one year supervised release. The United States Probation Officer has calculated a Guideline range of 12 to 18 months (Total Adjusted Offense Level 13; Criminal History Category I). Mr. Pressley does agree with the Presentence Investigation Report (hereinafter referred to as "PSR") guidelines calculations and its contents. The defendant promptly plead guilty after being charged. He accepted responsibility for his role.  Mr. Pressley is not in a position to dispute the monetary amount attributed against him in paragraph 25 of the Pre-Sentence Report. The

Probation Office based the overall amount on documentation provided by Pioneer Services to law enforcement on behalf of the government.

## II. ARGUMENT

It is well known that the Guidelines are advisory and that the Court can vary from them. The defendant respectfully requests that the court impose a sentence that is sufficient but not greater than necessary to meet sentencing goals of § 3553 (a). Mr. Pressley sentencing range is driven primarily by the total monetary loss suffered.

A. *The Sentencing Guidelines are Advisory*

In *United States v. Booker*, the Supreme Court held that sentence guidelines are merely advisory. 543 U.S. 220 (2005). This decision was expanded with *Nelson v. United States*, where the Court decided that not only are the guidelines " *not mandatory* on sentencing courts; they are not *presumed* reasonable." 129 S. Ct. 890, 892 (2009). In fact, the guidelines only "reflect a rough approximation of sentences that might achieve § 3553 (a)'s objectives" *Rita* v. *United States*, 551 U.S. 338, 350 (2007) (emphasis added). "Extraordinary circumstances [are not required] to justify a sentence outside the guidelines range." *Gall v. United States*, 128 S. Ct. 586, 595 (2007). Instead of following the guidelines meticulously, the sentencing court should now use them simply as an advisory tool that should be considered together with the statutory considerations set forth in § 3553 (a). Gall, 128 S. Ct. at 602; *Kimbrough v. United States*, 552 U.S. 85 (2007); *Cunningham v. California*, 127 S. Ct. 856 (1997). If the defendant is less culpable than the guidelines take into account, then the court may sentence below the guideline range. *United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007). The guidelines cannot be used as a substitute for the sentencing court's independent determination of an appropriate sentence according to the factors outlined in § 3553 (a). *Spears v. United States*, 129 S. Ct. 840 (2009); see e.g. Nelson, 129 S. Ct. at 892. Therefore, the court should look toward the specific facts of Mr. Pressley's case with respect to the factors of § 3553 (a) to determine a sufficient sentence without being greater than necessary.

**B.        3553 (a) Factors as Applied to Mr. Pressley**

Federal court's must impose the least amount of imprisonment necessary to accomplish the purposes of sentencing set forth in 18 U.S.C. § 3553 (a). In determining the sentence to be imposed, the factors the court considers include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense and to deter criminal conduct in the future; (3) the kinds of sentence and the sentencing range established for the particular offense; and (4) the need to avoid unwarranted sentence disparities among defendants with similar record who have been found guilty of similar crimes.

**1.        *The Nature of the Offense and the History and Characteristics of the Defendant.***

*(a) History and Characteristics of the Defendant*

Mr. Pressley is a 41 -year old man who admits that at the time of the offenses he was struggling with mental health issues some of which he was receiving treatment for. The defendant, prior to conduct in the instant case, served the US Navy with distinction for more than 19 years. He was awarded numerous medals and commendations during his service in the military. The defendant readily admits to having used poor judgment in his decision to commit the offenses for which he stands convicted of. Mr. Pressley does not really know what reasons led him to engage in his criminal conduct but has expressed his remorsefulness and repentance for having done so.

**2.        *Need for the Sentence Imposed to Reflect the Seriousness of the Offense and Deter Criminal Conduct.***

The § 3553 (a) factors also take into account the need for the sentence to reflect the seriousness of the offense and to deter future criminal conduct. The defendant has never been previously convicted of any criminal wrong doing other than two traffic violations in 1998 and 2013. The fact of having a felony conviction is as much as a deterrence as that of a prison sentence. With this felony conviction, the defendant will be greatly limited in obtaining employment utilizing his previous employment experience as well as his educational accomplishments including having obtained a bachelor's degree. The felony

conviction causes him to lose many of his civil rights, such as the right to vote and the right to serve on a jury. The defendant would also be ineligible to participate in most federal assistance programs as well as seeking any federal employment. The defendant, with his plea to Count Two, will be made to serve a mandatory 24 month sentence. The range of 1 to 3 months for Count One, would reflect the seriousness of the offense, will deter further criminal activity and sufficiently punish Mr. Pressley for his having committed bank fraud. It should be noted that a more severe consequence is that because of his actions in this matter, the defendant will be administratively discharged from the military. This will most likely cause the defendant to forfeit his military retirement and cause him to lose several hundred thousand dollars.

3. *The Kinds of Sentence and the Sentencing Range Established.*

When considering the Sentencing Guideline range for Mr. Pressley, the court must remember, "The Guidelines are only one of the factors to consider when imposing sentence." *United States v. Gall,* 552, U.S. 38, 41, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007). While the court obviously will take the guideline range into consideration when deciding the correct sentence under § 3553 (a) the court will see that the remaining statutory factors lean toward giving Mr. Pressley a much less draconian sentence than 12 to 18 months for Count One.

## **CONCLUSION**

The calculated Guideline Range far exceeds a sentence sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553 (a). For the reasons stated above, the defendant implores the Court to sentence him to a sentence varying downward far below the sentencing guideline range.

Respectfully submitted,

CLAYTON AKEEM PRESSLEY

By_____/s/_____
Bruce C. Sams

Virginia State Bar No. 21702
Attorney for Clayton Akeem Pressley
208 E. Plume Street, Suite 210
Norfolk, Virginia 23510
Telephone: (757) 627-3999
Facsimile: (757) 627-4042
Email: bcsams@cavtel.net

**CERTIFICATE OF SERVICE**

I hereby certify on this 21st day of December, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/EMF system, which will send a notification of such filing (NEF) to the following:

Alyssa Nichol
Assistant United States Attorney
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
alyssa. nichol@usdoj.gov

Stephen Westley Haynie
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Stephen.haynie@usgoj.gov

I further certify that I will send the document by electronic mail to the following non-filing user:

Carmen I Perez
United States Probation Officer
600 Granby Street, Suite 200
Norfolk, Virginia 23510
Carmen_I_Perez@vaep.uscourts.gov


By_____/s/_____
Bruce C. Sams
Virginia State Bar No.: 21702
Attorney for Clayton Akeem Pressley
208 E. Plume Street, Suite 210
Telephone: (757) 627-3999
Facsimile: (757) 627-4042
Email: bcsams@cavtel.net